

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>DEAN TOMIO KOKI,<br><br>Debtor. | Case No. 17-01055<br>Chapter 13<br><br>Related Dkt.: 2 and 11 |
| In re<br><br>HENRY KALAWELO MINER, JR.,<br>and MARY ELIZABETH JOSE,<br><br>Debtors. | Case No. 17-01086<br>Chapter 13<br><br>Related Dkt.: 4 and 21 |
| In re<br><br>NOEROL SISON PUZON and<br>LOANNE GALERA PUZON,<br><br>Debtors. | Case No. 17-01210<br>Chapter 13<br><br>Related Dkt.: 4 and 18 |

MEMORANDUM OF DECISION CONCERNING CHAPTER 13
PLAN CONFIRMATION AND OBJECTION TO EXEMPTION CLAIMS

These three cases present the question whether the court should confirm

chapter 13 plans before deciding an objection to the debtor's claim of exemptions. I

conclude that, unless the plan provides for full payment of all claims, plan

confirmation should await the resolution of any objections to the debtor's claim of exemptions.

Dean Koki filed his chapter 13 petition on October 13, 2017 (case no. 17-01055). Line 28 of Schedule A/B requires him to list "[t]ax refunds owed to you." He listed "Federal: Estimated 2017 refund. Amt: $2,000." On Schedule C, he claimed that his "Estimated 2017 refund" in the amount of $2,000.00 was exempt, using the "wild card" exemption of section 522(d)(5). His proposed plan estimates that unsecured creditors will receive nine percent of their claims.

Henry Miner and Mary Jose filed their joint chapter 13 petition on October 18, 2017 (case no. 17-01086). They disclose "Federal: 2017 State and Federal tax refunds [estimated]. Amt: $9,000.00." They claim as exempt (under the wild card exemption) "2017 State and Federal tax refunds [estimated]" in the amount of $9,000.00. They have proposed a chapter 13 plan under which unsecured creditors of will receive an estimated recovery of fourteen percent.

Noerol and Loanne Puzon filed their joint chapter 13 petition on November 201, 2017 (case no. 17-01210). They disclose "Federal: 2017 Estimated IRS Refund. Amt: $1,500.00," and "State: 2017 Estimated State Tax Refund. Amt: $1,000.00." They claim both of these amounts as exempt under the wild card exemption. Their proposed plan would provide an estimated return to unsecured creditors of forty-one percent.

U.S. Bankruptcy Court - Hawaii   #17-01210   Dkt # 25   Filed 02/10/18   Page 2 of 8

The trustee has objected to the claimed exemption of the tax refunds in all three cases. His argument is the same: only the portion of the tax refunds that is attributable to the part of the tax year prior to the petition date can be exempt; the portion attributable to the part of the tax year beginning on the petition date is not exempt; and the allocation should be in proportion to the number of days in the pre- and post-petition parts of the tax year, unless the debtor establishes that another allocation would be more appropriate. The trustee is correct,[1] and the debtors do not argue otherwise.

The trustee has also objected to confirmation of the debtors' plans. Each objection is the same:

> Trustee is unable to complete his analysis under 11 USC § 1325(a)(4) [liquidation analysis] due to apparent over limit or improper claim(s) of exemption.
>
> Trustee has filed an objection to exemptions . . . . Until such time as the court rules on that objection, Trustee cannot recommend confirmation or denial of confirmation.

The debtors did not file a written response to the trustee's objection. At the confirmation hearing, they argued (in summary) that the excess claim of exemptions is

---

[1] In a case governed by the pre-1978 Bankruptcy Act, the Supreme Court held that a tax refund attributable to the prepetition period is property of the estate. *Kokaszka v. Belford*, 417 U.S. 642 (1974). *Kokaszka* continues to be good law under the Bankruptcy Code. *Barowsky v. Serelson (In re Barowsky)*, 946 F.2d 1516, 1518 (10 Cir. 1991). It is also well-established that the trustee may establish a *prima facie* case for turnover of the estate's share of a tax refund using the "*pro rata* by days" calculation; the burden then shifts to the debtor to establish that another method is better. *In re Meyers*, 616 F.3d 626, 629-30 (7th Cir. 2010).

3

U.S. Bankruptcy Court - Hawaii   #17-01210   Dkt # 25   Filed 02/10/18   Page 3 of 8

not relevant to confirmation because the plan would meet the confirmation requirements even if the debtors' exemption claims were reduced as the trustee says they must be.

I agree with the trustee's view that plan confirmation should await correction of the exemption claims, but not for the reasons advanced by the trustee.

To confirm a chapter 13 plan, the court must decide that the plan satisfies many criteria. One of these criteria is section 1325(a)(4), which is sometimes called the "liquidation analysis" or "best interests of creditors test." Section 1325(a)(4) states that the value of the distributions to each creditor, under the plan, must be at least as much as the amount that each creditor would receive if the estate were liquidated and the proceeds distributed under chapter 7. Exemptions are relevant to the liquidation analysis because, in a chapter 7 case, the debtor gets to keep exempt property and the proceeds are not distributed to creditors. Therefore, everything else being equal, a debtor with larger amounts of exempt property may confirm a plan with lower payments than a debtor with smaller exemptions.

But the amount of exemptions is irrelevant in some chapter 13 cases. For example, if the chapter 13 plan provides for full payment of all unsecured claims, the liquidation analysis is satisfied regardless of the amount of exemptions claimed. Even where a plan does not provide for full payment, the amount of exemptions may also be irrelevant: one or more of the other criteria for plan confirmation (for example,

4

U.S. Bankruptcy Court - Hawaii   #17-01210   Dkt # 25   Filed  02/10/18   Page 4 of 8

section 1325(b)(1) discussed below) might require a debtor to pay more than enough to satisfy the liquidation test even if the debtor claimed excessive objections.[2]

Therefore, contrary to the trustee's blanket assertion, contested exemption claims do not always make it impossible to determine whether the plan can be confirmed.

But exemptions can affect chapter 13 plan confirmation in multiple ways. Section 1325(b)(1) provides that, if there is an objection, the court can confirm a plan only if the plan (1) provides for full payment of unsecured claims or (2) requires the debtor to devote the debtor's "projected disposable income" to payments to unsecured creditors. A tax refund for the post-petition portion of the tax year in which the debtor files the petition is potentially included in "projected disposable income."[3] The effect of such a refund on the sufficiency of plan payments may or may not be readily discernable.

---

[2] Also, the dollar amount of the exempt and non-exempt tax refunds will not be ascertainable until the debtors file their tax returns and calculate the total refund. There can be a significant delay because those returns cannot be filed until after the tax year ends, and because the returns are not due to the taxing authorities until mid-April of the year, after the tax year in question. In contrast, the bankruptcy schedules are due only fourteen days after the petition is filed. Fed. R. Bankr. P. 1007(c). Therefore, no matter what the debtors say in their schedules, the correct dollar amount of the exempt and nonexempt portions of the tax returns will be unknown at the time of plan confirmation.

[3] Under the statutory definition, the calculation of "disposable income" starts with "current monthly income," which includes only income received during the six months immediately *before* the petition date. Noting that the Code does not define "*projected* disposable income," the Supreme Court has held that projected disposable income must be adjusted to reflect changes in income and expenses that are virtually certain to occur. *Hamilton v. Lanning,* 560 U.S. 505, 524 (2010). A tax refund that the debtor expects to receive probably falls in this category.

5

U.S. Bankruptcy Court - Hawaii   #17-01210   Dkt # 25   Filed  02/10/18   Page 5 of 8

Excessive exemption claims can also affect the case in other ways. In about two-thirds of all chapter 13 cases, the debtor either fails to obtain confirmation of a plan or fails to complete payments under a confirmed plan. In these circumstances, the debtor usually has the option of converting the case to chapter 7. And if the case is converted more than a year after the first plan was confirmed, the time to object to exemptions is not reopened.[4] Therefore, chapter 13 trustees must object to improper exemption claims even if those claims will not affect the chapter 13 plan, because creditors may be stuck with those exemptions if the case is subsequently converted.[5]

Finally, an excessive exemption claim effectively shifts work and administrative costs from debtors and their counsel to the trustee. If the debtor makes an excessive or ambiguous exemption claim, the trustee and creditors must go through the effort of evaluating the exemption claim (and its effect on plan confirmation) based on the limited information provided by the debtor and object, if warranted. As a condition to

---

[4] "A new time period for filing an objection to a claim of exemptions shall commence under Rule 4003(b) after conversion of a case to chapter 7 unless . . . the case was converted to chapter 7 more than one year after the entry of the first order confirming a plan under chapter . . . 13 . . . ." Fed. R. Bankr. P. 1019(2)(B).

[5] An objection to a claim of exemptions must be filed within 30 days after the later of the conclusion of the meeting of creditors or the filing of an amendment to the list of exempt property. Fed R. Bankr. P. 4003(b)(1). The Supreme Court has held that, if no one files a timely objection, a claim of exemption is binding and immune from challenge even if the debtor had no good faith basis for claiming it. *Taylor v. Freeland & Kronz*, 503 U.S. 638. 643-44 (1992). A longer period applies if the debtor "fraudulently asserted the claim of exemption." *Id.*; Fed. R. Bankr. P. 4003(b)(2). However, this is not an easy standard to meet. *See Whatley v. Stijakovich-Santilli (In re Stijakovich-Santilli)*, 542 B.R. 245, 256 (B.A.P. 9th Cir. 2015)(where the court held that the objector must not only show that the facts do not support the exemption, but must also prove that the debtor knowingly deceived the trustee and the creditors at the time the exemption was made).

U.S. Bankruptcy Court - Hawaii   #17-01210   Dkt # 25   Filed 02/10/18   Page 6 of 8

the streamlined compensation allowance procedure available in this court,[6] the debtors' counsel has agreed to "review all statements, schedules, and other documetns to be filed on behalf of the debtor, and ensure that any requisite amendments in accordance with information provided by the debtor are filed timely." In short, it is the obligation of debtors and their counsel to prepare accurate schedules of exempt property and to promptly amend incorrect schedules; trustees and creditors should not be put to extra effort and expense because debtors have claimed excessive exemptions.

Considering all of these factors, a debtor who claims excessive or ambiguous exemptions should not be able to confirm a plan (unless the plan provides for full payment of all claims) until the debtor corrects the schedule of exempt property. In order to obtain plan confirmation, a debtor must demonstrate that the plan complies with chapter 13 and other applicable provisions of the Bankruptcy Code, and that "the plan has been proposed in good faith and not by any means forbidden by law."[7] A debtor's assertion of unfounded or ambiguous exemption claims is inconsistent with these plan confirmation criteria.[8]

Therefore, confirmation of these debtors' plans will be denied unless, within

---

[6] Chapter 13 Attorney Fee Guidelines, amended July 1, 2016, *available at* www.hib.uscourts.gov/localrules/2016_Ch13AttorneyFeeGuidelines.pdf.

[7] 11 U.S.C. § 1325(a)(1), (3).

[8] I am not suggesting that these debtors or their counsel intentionally did anything improper, but I do expect justified and precise claims of exemption in the future.

7

U.S. Bankruptcy Court - Hawaii   #17-01210   Dkt # 25   Filed 02/10/18   Page 7 of 8

fourteen days after entry of this decision, either (a) debtors amend their schedules of exempt property in a way that conforms with the trustee's objection to their current schedules of exempt property or (b) debtors stipulate to the entry of an order sustaining the trustee's objection to their current schedules of exempt property and allowing the exemptions consistent with the trustee's objections.

END OF DECISION